**United States District Court**
**District of Massachusetts**

**Civil Action No. 05-11336**

John Delaney,
Petitioner

v.

Linda Bartee,
Superintendent, Boston Pre-Release Center
Respondent

## <u>Delaney's Application for a Certificate of Appealability</u><br><u>and Memorandum in Support</u>

Petitioner John Delaney respectfully moves that this Court grant him a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253. Delaney seeks a COA as to this Court's dismissal of his habeas corpus petition. The claims for which Delaney seeks a certificate of appealability are: (1) the unfair admission of evidence of Delaney's refusal submit to a search warrant for his body where the police assured him that he was not under arrest and (2) the unfair impeachment of Delaney with his post-*Miranda* silence in failing to speak to the prosecutor.

### Introduction

In order for Delaney to be permitted to appeal his case to the First Circuit, this Court must grant Delaney a "certificate of appealability" (COA) under 28 U.S.C. § 2253. The test for issuance of a COA is designed to weed out only the most unworthy appeals. Under the Supreme Court's interpretation of § 2253, this Court must grant Delaney a COA if reasonable jurists could find the correctness of the dismissal of Delaney's petition

to be merely debatable; this is so even if this Court is completely convinced that it came to the correct conclusion in dismissing Delaney's petition for a writ of habeas corpus.[1]

The point is not that Delaney h

## I.  The applicable standards for issuance of a certificate of appealability.

In considering whether to issue a COA, this Court considers each issue separately and only issues a COA for those issues that meet the standards set out in 28 U.S.C. § 2253 (and Supreme Court precedent interpreting § 2253).[2] As set out below, the Supreme Court requires District Courts to apply distinct tests for issuance of a COA for a denied-on-the-merits claim versus issuance of a COA for a procedurally-denied claim. Here, Delaney's primary claim was denied by the Court on the merits. Delaney's second claim was denied as being procedurally defaulted. Therefore, the Court evaluates these claims under different standards.

If the Court is at all in doubt whether to issue the COA, the Court must resolve those doubts in favor of granting the COA.[3] Finally, "[t]his Court must state the reasons why the COA should not issue if it denies the COA."[4]

### A.    Claim denied on the merits

28 U.S.C. § 2253 requires that Delaney make "a substantial showing of the denial of a constitutional right."[5] This standard is explicitly drawn from the Supreme Court's prior "Certificate of Probable Cause" jurisprudence under the

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); 28 U.S.C. § 2253.
[2] *Bui v. DiPaolo*, 170 F.3d 232, 237 (1st Cir. 1999).
[3] *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).
[4] *Lopez v. United States*, 344 F. Supp. 2d 777, 780 (D. Mass. 2003) (Gorton, J.) (*citing* Local Rule 22.1(a)).
[5] 28 U.S.C. §2253(c)(2).

former § 2253 and *Barefoot v. Estelle*.[6] In *Barefoot*, the Court emphasized that the

petitioner need *not* demonstrate that

> he should prevail on the merits...; he must demonstrate [only] that the
> issues are *debatable* among jurists of reason; that a court *could* resolve the
> issues [in a different manner]; or that the questions are 'adequate to
> deserve encouragement to proceed further.'[7]

In 2003, the Supreme Court re-emphasized in *Miller-El v. Cockrell* that the

inquiry for determining whether to grant a COA for substantively denied claims is

merely a "threshold" inquiry.[8] The Supreme Court has repeatedly and

emphatically stated that the "debatable among jurists of reason" prong is designed

to be permissive, rather than restrictive.[9] In *Miller-El*, the Supreme Court

reiterated that it

> do[es] *not* require petitioner to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus. Indeed, *a claim
> can be debatable even though every jurist of reason might agree*, after the
> COA has been granted and the case has received full consideration, *that
> petitioner will not prevail*.[10]

According to the *Miller-El* Court, "debatable" means just that.[11] "This threshold inquiry

[of debatability] does not require full consideration of the factual or legal bases adduced

in support of the claims. *In fact, the statute forbids it*."[12] Bearing these permissive

standards in mind, the Court should issue a COA in this case.

> B.    Claim denied on procedural ground

---

[6] *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).
[7] *Id.* at n. 4 (emphasis added).
[8] *Miller-El*, 537 U.S. at 327, 336.
[9] *Miller-El*, 537 U.S. at 327; *Banks v. Dretke*, 540 U.S. 668, 705 (2004).
[10] *Miller-El*, 537 U.S. at 338 (emphasis added).
[11] *Miller-El*, 537 U.S. at 327.
[12] *Miller-El*, 537 U.S. at 336.

In *Slack v. McDaniel*,[13] the Supreme Court ruled that a COA should be granted for a procedurally dismissed petition if the petitioner makes two *threshold* showings:

1.    "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and

2.    "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[14]

The substantive second prong of the *Slack* test is even less demanding than the procedural prong discussed above. As to the substance of his ineffective assistance claim, Delaney must merely show that the claim is "not frivolous on its face".[15] This means that the Court simply takes a "quick look" at the face of the petition to determine whether Delaney has facially alleged the denial of a constitutional right.[16]

**II.    Delaney's claim of unfair admission of evidence of refusal to submit to a body search warrant, which the Court denied on the merits.**

A.    Debatability of the resolution of Delaney's substantive claim.

As the Supreme Court said in *Slack*, a COA should be granted if "reasonable jurists could debate whether ... the petition should have been resolved in a different manner."[17] In ruling on the merits of Delaney's claim, this Court ruled that while Delaney had not demonstrated that the SJC's decision was unreasonable, "Delaney's arguments suggest that *the SJC could have come to a different conclusion*."[18] Surely then, reasonable jurists could debate whether the petition should have been

---

[13] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[14] *Slack*, 529 U.S. at 484; *accord Gaskins v. Duval*, 183 F.3d 8 (1ˢᵗ Cir. 1999); *Evicci v. Commissioner of Corrections*, 226 F.3d 26, 27 (1st Cir. 2000); *Mateo v. United States*, 310 F.3d 39, 40 (1st Cir. 2002).

[15] *Evicci*, 226 F.3d at 28; *Slack*, 529 U.S. at 484.

[16] *Mateo v. United States*, 310 F.3d 39, 41 (1st Cir. 2002) (*citing Evicci v. Commissioner of Corrections*, 226 F.3d 26, 28 n.1 (1ˢᵗ Cir. 2000) and *Jefferson v. Wellborn*, 222 F.3d 286, 289 (7th Cir. 2000)).

[17] *Slack*, 529 U.S. at 484.

[18] (Memorandum and Order of 1/24/07 at 11) (emphasis added).

resolved in a different manner if Delaney has demonstrated that the SJC could have come to a different conclusion. For that reason alone, the Court should issue a COA as to this issue. (Indeed, the SJC's granting of further appellate review as to this claim[19] also suggests that the claim is at least debatable.)

      B.     <u>Debatability of the appropriate standard of review.</u>

Further, it is at least debatable that this Court applied the wrong standard of review. Delaney contended that the SJC undertook no federal constitutional review of this claim and that therefore he was entitled to *de novo* review in this Court.[20] The Court rejected this argument and instead accepted the Commonwealth's argument[21] that the SJC's citation to *Commonwealth v. Vermette*[22] "demonstrate[s] awareness and application of the appropriate federal standard".[23] Thus, this Court applied the "unreasonable application" standard of review embodied in 28 U.S.C. § 2254(d)(1).[24]

But the SJC's opinion makes it at least debatable that it did not view Delaney's fundamental unfairness claim as a constitutional one. Delaney made, and the SJC rejected, an argument that admission of the refusal evidence violated Article 12 of the Massachusetts Declaration of Rights, a right that is not coterminous with the federal right.[25] It then turns to the claim that is now before this Court: that admission of this evidence was fundamentally unfair. It begins its discussion of the claim as follows:

> b. Unfairness in introducing refusal evidence. *In addition to his constitutional argument*, the defendant contends that it was "fundamentally unfair" to introduce evidence of his refusal to accompany

---

[19] *Commonwealth v. Delaney*, 58 Mass. App. Ct. 1109 (2003).
[20] (Pet. Mem. at 7); (Pet. Reply Mem. 7).
[21] (Resp. Mem. at 7).
[22] *Commonwealth v. Vermette*, 43 Mass. App. Ct. 789, 797-99 (1997).
[23] (Order of 1/24/2007 at 7) (*citing Petrillo v. O'Neill*, 428 F.3d 41, 45 (1st Cir. 2005)).
[24] (Order of 1/24/2007 at 7).
[25] *Commonwealth v. Delaney*, 442 Mass. 604, 607-612 (2004).

the police because he mistakenly believed at the time that he did not have to accompany them.[26]

This passage makes it at least debatable that the SJC did not understand the fundamental fairness claim to be a constitutional claim (even though Delaney explicitly briefed it as such) because it considered the fundamental fairness argument to be "in addition to" the constitutional argument.

Further, the SJC's opinion makes it at least debatable whether it actually applied the federal "harmless beyond a reasonable doubt" standard. The SJC observed that trial counsel's objection was sufficient and therefore decided to

treat this claim as preserved and apply a standard of prejudicial error. *See Commonwealth v. Alphas*, 430 Mass. 8, 13-14 n.7, 712 N.E.2d 575 (1999), *quoting Commonwealth v. Flebotte*, 417 Mass. 348, 353, 630 N.E.2d 265 (1994).[27]

Relying on that same portion of *Flebotte*, the SJC then described the standard of "prejudicial error" as whether the error had "'but very slight effect' on the jury's assessment of the evidence."[28] It is at least debatable that this standard of review is not the federal "harmless beyond a reasonable doubt" standard mandated by *Chapman v. California*.[29] Indeed, the error identified and reviewed for prejudice in *Flebotte* is a state law evidentiary error (fresh complaint), not a constitutional error.[30]

The SJC's citation to *Vermette* comes at the very end of its discussion of this claim. To wit,

[g]iven this pointed instruction focusing the jury's attention on the more explicit consciousness of guilt evidence in the case, it is particularly unlikely that the refusal evidence had any role in their assessment of the defendant's

---

[26] *Delaney*, 442 Mass. at 612.
[27] *Delaney*, 442 Mass. at 612.
[28] *Delaney*, 442 Mass. at 613.
[29] *Chapman v. California*, 386 U.S. 18 (1967).
[30] *Flebotte*, 417 Mass. at 350-53.

> consciousness of guilt. *See Commonwealth v. Vermette*, 43 Mass. App. Ct.
> 789, 797-799, 686 N.E.2d 1071 (1997) (where defendant acknowledged his
> presence at crime scene, and evidence of refusal to let police search vehicle
> or photograph footwear was not referenced in closing argument or
> instructions, error in admitting refusal evidence was harmless beyond
> reasonable doubt).[31]

Given its prior and for more direct citation to the non-constitutional *Flebotte* standard of review, the most one can say is that the SJC's citation to *Vermette* makes it *debatable* whether the SJC actually applied *Chapman* to Delaney's case or simply compared the factual circumstances of *Vermette* to Delaney's case.

## III.    Delaney's claim of improper impeachment with his post-*Miranda* silence, which the Court dismissed as procedurally defaulted.

The primary question is whether Delaney meets the procedural prong of *Slack* recited above: whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"[32] Delaney concedes that the Court's ruling was correct and not debatable only as to the second and third of Delaney's three claims. Delaney hereby withdraws the second and third claims.

The Court's procedural ruling is debatable as to the first of Delaney's claims of *Doyle v. Ohio*[33] error. The Court simply asserts that all the claims are procedurally defaulted because the SJC noted the lack of objection and "gave some review under the miscarriage of justice standard as enunciated in *Commonwealth v. Alphas*, 430 Mass. 8, 12 (Mass. 1999)."[34] The Court fails to separately analyze the three distinct claims.[35]

---

[31] *Delaney*, 442 Mass. at 613-14.
[32] *Slack*, 529 U.S. at 484.
[33] *Doyle v. Ohio*, 426 U.S. 610 (1976).
[34] (Order of 1/24/07 at 12).
[35] (Order of 1/24/07 at 11-13); *contrast* (Pet. Mem. at 23); *contrast Delaney*, 442 Mass. at 615-16.

But the SJC treated each of Delaney's three claims of *Doyle* error differently. It did not default Delaney's first claim regarding his failure to speak to the prosecutor, while it did default the remaining two claims.

The entire discussion of each of the three claims is set out below.

> d.  Cross-examination of the defendant. The defendant contends that the prosecutor's cross-examination improperly questioned him about his postarrest silence, his failure to provide the police with the knife, and his failure to provide the police with his own photographs of the bite mark on his shoulder. No timely objections were made. [(1)] With respect to the defendant's postarrest silence, it was defense counsel -- not the prosecutor -- who elicited the defendant's testimony that he had refused to talk to the police. The prosecutor's questions went to the issue whether the defendant had ever spoken with the prosecutor, an inquiry that was justified by the defendant's testimony giving the erroneous impression that they had spoken before trial.
>
> [(2)] With respect to the defendant's failure to produce two items of physical evidence (the knife and the photographs), *both questions were improper*. See Commonwealth v. Martinez, 34 Mass. App. Ct. 131, 132-133, 608 N.E.2d 740 (1993), and cases cited. However, the one improper question about the knife (asking the defendant if he had ever shown the knife to the police) was sandwiched in amongst permissible questions about the defendant's failure to bring the knife to trial. It was also improper for the prosecutor to ask the defendant whether he had shown the police the photographs he had taken of the bite mark five days after the incident. However, both Henderson and the defendant testified that Henderson had bitten the defendant's shoulder during the fight in the elevator (making the point uncontested), and the defendant himself introduced one of the pictures in evidence (thereby expressing the view that the photographic evidence was helpful, not harmful, to his defense). We are satisfied that these *two improper questions did not materially influence the verdicts*. Commonwealth v. Alphas, supra, quoting Commonwealth v. Freeman, 352 Mass. 556, 564, 227 N.E.2d 3 (1967).[36]

As to the claim of *Doyle* error in the prosecutor's impeachment of the defendant with his failure to speak to the prosecutor prior to trial,[37] the SJC did note the lack of

---

[36] *Delaney*, 442 Mass. at 615-16 (emphasis added, footnotes omitted).
[37] (Pet. Mem. at 23-26); (Pet. Reply Mem. at 8).

objection but it did not apply the miscarriage of justice standard. It simply held that the prosecutor's questions were "justified", i.e. there was no error.[38]

As seen from the above-quoted portion of the opinion, the SJC's cite to those portions of *Alphas* and *Freeman* dealing with a substantial risk of a miscarriage of justice pertains only to the prosecutor's improper questions regarding Delaney's failure to show the knife and pictures to the police.[39]

In contrast to its holding that the questioning about Delaney's failure to speak to the prosecutor was proper, the SJC held that "both questions were improper" regarding Delaney's failure to speak to the police.[40] Again, citing *Alphas* and *Freeman*, the SJC held that "these two *improper* questions did not materially influence the verdicts."[41] Delaney now concedes that the SJC did apply procedural default to these two *Doyle* claims (failure to show the knife to the police and failure to show the pictures to the police).

But the SJC's invocation of *Alphas* and *Freeman* applies by its own terms only to the questioning that it held to be *improper*. Because it held that the questioning about Delaney's failure to speak to the prosecutor was *proper*, it did not apply procedural default to that claim. The Court's procedural ruling is debatable as to that claim only.

As to the substantive prong of *Slack*, there is no question this claim, squarely based on *Doyle v. Ohio*[42] meets *Slack*'s requirement that the procedurally dismissed claim at least debatably "state[] a valid claim of the denial of a constitutional right."[43]

---

[38] *Delaney*, 442 Mass. at 616.
[39] *Delaney*, 442 Mass. at 616.
[40] *Delaney*, 442 Mass. at 616.
[41] *Delaney*, 442 Mass. at 616 (emphasis added).
[42] *Doyle v. Ohio*, 426 U.S. 610 (1976).
[43] *Slack*, 529 U.S. at 484.

## Conclusion

The Court should grant Delaney a COA so that he may appeal his case to the First Circuit as to the following issues: (1) whether it was fundamentally unfair to admit evidence of Delaney's mistaken refusal to submit to a body search warrant, and (2) whether the impeachment of Delaney with his failure to speak to the prosecutor prior to trial violated *Doyle v. Ohio*, 426 U.S. 610 (1976).

Respectfully submitted,

David J. Nathanson
BBO #633772
Committee For Public Counsel Services
44 Bromfield Street
Boston, MA 02108
617-988-8309

dated:  February 23, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Jonathan Ofilos, counsel for the petitioner in this matter. There are no non-registered participants involved in this case.

/s/ David J. Nathanson
David Nathanson